IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRETT M. MCCLAFFERTY, | Case No.: 5:19-cv-02219-BYP |
| Plaintiff | Hon. Judge Benita Y. Pearson |
| -vs- | |
| PORTAGE COUNTY BOARD OF COMMISSIONERS, et al. | (TELEPHONIC HEARING REQUESTED) |
| Defendants | |

## PLAINTIFF'S MOTION IN LIMINE REQUESTING THAT THIS COURT, ON JUDICIAL ESTOPPEL GROUNDS, PROHIBIT COUNTY DEFENDANTS FROM TAKING POSITIONS INCONSISTENT WITH VIDEO EVIDENCE PROVIDED TO THE COURT BY COUNTY DEFENDANTS

Now comes Plaintiff, Brett M. McClafferty, who hereby moves this Honorable Court, on grounds of judicial estoppel, to prohibit Defendants Portage County Board of Commissioners, Bryan Morgenstern, David W. Doak, Dale Kelly, Daniel Burns, William Burns, Cory Germani, Michael Burda, and Amy Beans (collectively "County Defendants") from offering evidence or arguments contrary to the video evidence provided by them to the Court in ECF No. 85.

### INTRODUCTION:

Plaintiff's Complaint details two incidents of abuse, that are at the heart of all Claims levied against County Defendants. One incident occurred on or about October 20, 2017; the other occurred on March 29, 2018. County Defendants have continuously argued to the Court that Plaintiff's Claims are fabricated, fraudulent, or some variation of the two in advancing their position that no such underlying incidents ever occurred that could give rise to Plaintiff's Claims.

After nearly a year of the Portage County Sheriff's Office (the "PCSO") denying that video surveillance records of the

incidents described by Plaintiff in his Complaint exist, Sgt. Robert Symsek of the Portage County Jail disclosed in an affidavit provided to the Court that he does "have a copy of McClafferty's escort on March 29, 2018" (ECF No. 51, Exhibit A., ¶7). On July 28, 2020 Plaintiff submitted a public records request for a copy of the "escort" video (ECF No. 74, Exhibit C.). The Portage County Sheriff's Office failed to satisfy said request, and Plaintiff subsequently requested a copy of the "escort" video pursuant to Fed. R. Civ. P. 34. As of this filing, Plaintiff has not received a response to his request for production of documents and other tangible things. Plaintiff then moved this Honorable Court to perform an in camera inspection of the March 29, 2018 "escort" video (ECF No. 74). In response to Plaintiff's motion for an in camera inspection, County Defendants provided the video to the Court by way of general docketing (ECF No. 85), thus making Plaintiff's motion for an in camera moot.

The copy of the DVD provided to Plaintiff, and on file with the Court, includes a file labeled "mcclafferty 3 29 18 - DM5 Door 140." At approximately 00.10 minutes into the video, Plaintiff and Defendant William Burns emerge into the frame. Plaintiff can be seen exiting Housing Unit DM5, hands cuffed from behind, with Defendant William Burns guiding Plaintiff from the rear. Plaintiff is making forward progress in the video, consistent with a cooperative escort out of Housing Unit DM5. At no point does the video depict any movement or action on behalf of Plaintiff that could be construed as resistance. At 00.12 minutes, as Plaintiff crosses the treshold of Housing Unit DM5 and enters the hallway out of the view of other inmates, Defendant William

Burns begins shoving, pulling, and all around manhandling Plaintiff without provocation; causing Plaintiff to lose a shoe in the process. The incident occurs in the presence of Defendant Bryan Morgenstern, who can be seen waiting in the hallway for Plaintiff to cross the threshold. Also seen in the video is Deputy Sheriff Matthew Holbrook, who is not a named defendant in this action. All persons exit the range of the camera at 00.16 minutes. This video evidence filed by County Defendants manifestly comports with Plaintiff's Claims, and there can be no serious question that an incident occurred on March 29, 2018.

While County Defendants are entitled to a defense of their actions, they are not entitled to characterize Plaintiff's Claims as "fabrications," as "fraudulent," or any variation of such in furthering their position that no underlying incidents ever occurred, while at the same time providing evidence to the Court that proves the opposite. "Acting on the assumption that there is only one truth about a given set of circumstances, the courts apply judicial estoppel to prevent a party from benefitting itself by maintaining mutually inconsistent positions regarding a particular situation." Davis v. Wakelee, 156 U.S. 680 (1895). In the case at bar, County Defendants' September 14, 2020 filing (ECF No. 85) provided the Court with an evidentiary representation that the contents of the DVD are accurate depictions of what occurred on March 29, 2018. This evidentiary representation is inconsistent with County Defendants' previous position that Plaintiff's Claims are some variation of fabricated or fraudulent, because (according to them) no underlying incidents ever occurred that could have given rise to Plaintiff's Claims. As such, County

Defendants should be estopped from maintaining such a clearly false position when their own evidentiary representation is inconsistent with such a position.

ARGUMENT:

The doctrine of judicial estoppel prevents parties from playing fast and loose with the courts "and protect[s] the integrity of the judicial process[.]" Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982), see also Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4477 at 551 (2002) ("Courts also focus on the sheer effrontery of advocates who, by playing 'fast and loose' with the courts, seem in the pursuit of wanton self-interest to trifle with the dignity of judicial truth-finding efforts."). The judicial estoppel doctrine helps courts maintain their credibility as fact finders, and addresses the "unseemliness" of trying to benefit from arguing inconsistent positions. See e.g., In re Cassidy, 892 F.2d 637, 641 (7th Cir. 1990)(judicial estoppel bars intentional self-contradiction).

There is no strict test for establishing judicial estoppel. The doctrine is an equitable one, applied on a case-to-case basis. In the instant action, Plaintiff's Complaint pleads the following:

> PG. 21 of Complaint (ECF No. 1):
>
> McClafferty is Assaulted by Defendant William Burns for the Second Time:
> . . .
>
> ¶78. Defendant William Burns and Deputy Holbrook performed a cell extraction [of McClafferty] ... William Burns began to assault McClafferty from behind, shoving him violently ... McClafferty spotted Defendant Morgenstern [in the hallway] ... Defendant William Burns then purposely stepped on one

>of Plaintiff's jail-issued sandals which made McClafferty stumble. Defendant William Burns began to scream repeatedly, "stop resisting!" while yanking McClafferty's handcuffed hands higher and higher up his back, once again hyperextending McClafferty's already injured shoulder. ...

In response to Plaintiff's two Claims of abuse and excessive force, which includes the March 29, 2018 incident as described above, County Defendants have made the following arguments:

>"McClafferty's allegations against the Portage County Defendants are scandalous and inflammatory." (ECF No. 44, pg. 3)
>
>"McClafferty's complaint is a scam" (ECF No. 44, pg. 4)
>
>"McClafferty is lying about his claims and manufacturing false evidence." (ECF No. 44, pg. 4)
>
>"McClafferty's claims against the Portage County Defendants are frivolous and were not brought in good faith." (ECF No. 52, pg. 5)
>
>"For the last year, McClafferty has been lying to his friends, family, law enforcement, administrative agencies, the media, the citizens of Portage County and this Court." (ECF No. 67, pg. 2)
>
>"The Portage County Jail does not have any transport records because the alleged incident never happened." (ECF No. 60, pg. 5)
>
>"[McClafferty's] allegations were wholly fabricated" (ECF No. 57, pg. 4)
>
>"McClafferty has no right to complain that the Portage County prosecutor issued a press release bringing an end to his lies" (ECF No. 57, pg. 7)
>
>\*\* Plaintiff can provide many more similar statements if necessary \*\*

All of the above arguments are part and parcel to County Defendants' overall position that Plaintiff's Claims are fabrications, fraudulent, or some variation of the two because no underlying incidents ever occurred which could have given rise to Plaintiff's Claims. This position is completely contradicted by County Defendants' own September 14, 2020 filing (ECF No. 85) that clearly shows that an underlying incident occurred on March 29, 2018, and that it manifestly comports with Plaintiff's recitation of the incident in the Complaint.

These inconsistent positions support judicial estoppel under the three factors enumerated by the U.S. Supreme Court in New Hampshire v. Maine, 532 U.S. at 751: (1) County Defendants' evidentiary representation to the Court is "clearly inconsistent" with its previous position; (2) County Defendants advanced their former position in an attempt to persuade the Court to accept such a position as fact; and (3) County Defendants' prior position that is inconsistent with its most recent representation to the Court would be unfairly detrimental to Plaintiff if not estopped.

The case law clearly supports the right of Plaintiff to assert the doctrine, as it would be fundamentally unfair and detrimental to Plaintiff to have to defend against the ridiculous notion that such underlying incidents never happened, when County Defendants' own evidentiary submissions to the Court support the opposite conclusion definitively. If County Defendants are allowed to claim that such underlying incidents never occurred while simultaneously submitting evidence to the Court establishing that these incidents did occur, this would make a mockery of justice. See American National Bank of Jacksonville v. FDIC, 710 F.2d 1528, 1536 (11th Cir. 1983) (the judicial estoppel doctrine prevents parties from making a mockery of justice by advancing inconsistent positions). As such, Plaintiff respectfully requests that this Honorable Court apply the judicial estoppel doctrine to bar County Defendants from offering evidence or arguments that advance the position that Plaintiff's Claims are fabrications, fraudulent, or some variation of the two based on the wrongful contention that no underlying incidents ever occurred that could have given rise to Plaintiff's Claims. Plaintiff requests a telephonic hearing on the matter.

Respectfully Submitted,

_____
BRETT M. MCCLAFFERTY (750839)
Plaintiff, Litigant Pro Se
c/o CoreCivic
501 Thompson Road
Conneaut, Ohio 44030
P: (440) 599-4100

Dated: September 17, 2020

CERTIFICATE OF SERVICE:

I, Brett M. McClafferty, do hereby certify that I have requested that electronic service of the foregoing be made upon all parties to the instant litigation, or their respective counsel, by the Clerk for the U.S. District Court for the Northern District of Ohio, this 17th day of September, 2020.

_____
BRETT M. MCCLAFFERTY
Plaintiff, Litigant Pro Se



Office of the Clerk
U.S. District Court
125 Market St.
Room 337
Youngstown, Ohio
44503-1787

Brett M. McCafferty (750839)
c/o Core Civic
501 Thompson Rd.
Conneaut, Ohio
44030